```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
JIANHAI XU,                                                        :
                                                                   :
                              Plaintiff,                           :   Civ. No.
                                                                   :
             -against-                                             :
                                                                   :   COMPLAINT
CASTLETON COMMODITIES INTERNATIONAL                                :
LLC,                                                               :
                                                                   :
                              Defendant.                           :
------------------------------------------------------------------ X
```

Plaintiff, Jianhai Xu ("Mr. Xu"), by his attorneys Rottenberg Lipman Rich, P.C., as and for his Complaint against Defendant, Castleton Commodities International LLC ("Castleton US"), alleges as follows:

PRELIMINARY STATEMENT

1. By this action, Mr. Xu seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, that he owns certain equity units (the "Equity Units") granted to him pursuant to the Castleton US Equity Program (the "Equity Program") but then cancelled by Castleton US, in August 2014, purportedly because of Mr. Xu's breaches of the Equity Program.

2. Castleton US cancelled the Equity Units based on the contention that Mr. Xu violated the non-compete and non-solicitation provisions of the Equity Program. Castleton US's contention is wrong in at least three respects: (i) Castleton US's use of these provisions is an unlawful attempt to use an unenforceable penalty provision to cancel duly earned and fully vested equity interests; (ii) the non-compete and non-solicitation provisions are unreasonable in scope and therefore unenforceable on their face; and (iii) Mr. Xu did not violate the non-compete and non-solicit provisions in any event, nor was Castleton US harmed.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff, Mr. Xu, is a citizen of the People's Republic of China with a residence in Huangpu District, Shanghai.

4. Defendant, Castleton US, is a Delaware limited liability company with its principal offices in Stamford, Connecticut. Castleton US was formerly named Louis Dreyfus Highbridge Energy LLC, and was formed as a Delaware limited liability company under that name in 2001.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity) because (i) Mr. Xu is domiciled in China and Castleton US is a Delaware corporation with its principal office in the United States, and (ii) the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over Castleton US because it regularly transacts or solicits business in New York and has expressly consented to the sole jurisdiction of the state or federal courts in New York County, pursuant to the agreement which governs the subject matter of the claims.

7. Venue is appropriate in this district pursuant to 28 U.S.C. §§ 1391(a)-(b) and because the parties expressly consented to the sole jurisdiction of the state or federal courts in New York County pursuant to the agreement that governs the subject matter of the claims.

## FACTUAL ALLEGATIONS

8. Mr. Xu started working for Castleton US in April 2008 and was transferred to Castleton China Company (formerly known as Louis Dreyfus Highbridge Energy Trading (China) LLC), an affiliate of Castleton US ("Castleton China"), in 2010.

9. In connection with his employment, Castleton US from time to time granted him Class A membership units pursuant to the Equity Program, which is set forth as, and under, Article 5 of the Fourth Amended and Restated Limited Liability Company Agreement of Castleton US, dated of December 31, 2012 (the "LLC Agreement").

10. Pursuant to the Equity Program, the Equity Units granted to him "shall vest 20% on the date of grant and an additional 20% on each of the first four anniversaries of the date of grant." LLC Agreement § 5.02(c)(1).

11. In early 2014, Mr. Xu and Castleton China agreed to terminate his employment. Accordingly, on February 25, 2014, Mr. Xu and Castleton China entered into an agreement (the "Termination Agreement") pursuant to which, among other things, Castleton China agreed to purchase all of Mr. Xu's "Eligible Vested Units" (the Equity Units) over a two-year period at its then market values.

12. The Termination Agreement states that the value of Mr. Xu's Equity Units was $1,892,722 as of December 31, 2013.

13. By letter dated August 26, 2014, Amy Williams, Executive Vice President and Head of Human Resources of Castleton US, informed Mr. Xu that Castleton US had unilaterally determined that he had forfeited his Equity Units by breaching the LLC Agreement's non-compete and non-solicit provisions.

14. Section 5.03 of the LLC Agreement provides for forfeiture of equity as follows: "In the event of a Covenant Breach, all Equity Program Units and Rollover Units held by the applicable Service Members as of the date of such breach, whether or not such Incentive Units are vested at such time, together with all amounts withheld by the Company pursuant to Section 9.01(d) with respect thereto, shall be forfeited to the Company."

15. Under the LLC Agreement, in pertinent part, a "Covenant Breach" occurs when an employee breaches the non-compete or non-solicit provisions in the LLC Agreement, which are defined as follows:

> "Compete" means that a Service Member, without the prior written consent of the Board, directly or indirectly, on the Service Member's own behalf or on behalf of any Person other than an CCI Entity, (i) engages or participated in any business, or performs any services or acts as an employee, director, officer, manager, consultant or otherwise, for any person or enterprise that (x) competes with any CCI Entity or any Affiliate of any CCI Entity, (y) uses or proposes to use any corporate opportunities, track records, products or work product of any CCI Entity or any Affiliate of any CCI Entity or (z) supplies or proposes to supply any services, products, or work product which have the same or similar characteristics as any services, products or work product performed by, engaged in or rendered by any CCI Entity or any Affiliate of any CCI entity

* * *

> "Solicit" means that a Service Member…directly or indirectly…recruits, solicits, employs or engages the services of (an employee, consultant or agent) any officer, director, consultant or employee of any CCI Entity or any Affiliate of any CCI Entity

16. According to Ms. Williams's letter, Castleton US unilaterally determined that Mr. Xu breached the LLC Agreement's non-competition covenant by becoming CEO and President of Elion International Holding Ltd. Pte. ("Elion"), and breached the non-solicit covenant by supposedly soliciting employees of CCI.

17. Defendant's use of the forfeiture provision is unreasonable and unlawful because the value of the forfeited property bears no relationship to any harm that Castleton US allegedly sustained. Indeed, Castleton US was not harmed at all by Mr. Xu's post-employment activities.

18. The non-compete and non-solicit provisions, moreover, are unreasonable in scope and therefore unenforceable on their face. The non-compete provision, for example, prohibits an

employee from working for any competitor of Castleton US, regardless whether the work is competitive or non-competitive.

19. Mr. Xu, finally, did not violate the non-compete and non-solicit provisions. Elion is not a competitor of Castleton US or Castleton China, and work that Mr. Xu performed for Elion in no way violated the non-compete provision in the LLC Agreement. Mr. Xu denies soliciting any Castleton China or Castleton US employees, including the only employee whom Castleton China identified. The employee, a receptionist, initially gave a statement in support of Castleton China's position but several years later recanted. More important, said employee remained employed by Castleton China for five years after the purported solicitation, which was thus unsuccessful and could not have harmed Castleton China or Castleton US.

20. Castleton US invoked forfeiture against Mr. Xu in bad faith.

## CLAIM FOR RELIEF
(Declaratory Judgment)

21. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

22. Pursuant to the LLC Agreement and Equity Program therein, Mr. Xu was awarded the Equity Units.

23. By letter dated August 24, 2014, Defendant wrongfully and without justification, declared that Mr. Xu had forfeited his ownership of the Equity Units by violating the LLC Agreement's non-compete and non-solicit provisions.

24. Defendant's allegations that Mr. Xu violated the non-compete and non-solicit provisions were and are baseless.

25. The non-compete and non-solicit provisions, moreover, are unreasonable in scope and duration and therefore unenforceable.

26. Further, the forfeiture provision in the LLC Agreement is an unenforceable forfeiture provision.

27. For all of the foregoing reasons, Plaintiff is entitled to a declaratory judgment that the forfeiture of his membership units was unlawful and that he is entitled to all rights in and to the Equity Units.

**WHEREFORE**, Plaintiff demands judgment as follows:

A. Declaring, pursuant to 28 U.S.C. § 2201, that Mr. Xu owns, and possesses all rights in and to, the Equity Units under the Equity Program.; and

B. Awarding such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 14, 2019

ROTTENBERG LIPMAN RICH P.C.

By: _____
Harry W. Lipman
Robert A. Freilich
The Helmsley Building
230 Park Avenue, 18th Floor
New York, New York 10169

Attorneys for Plaintiff, Jianhai Xu